**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**BRANDY ANDERSON**, individually, and on behalf of others similarly situated,

Plaintiff,

vs.

**SBL ENTERPRISES, LLC,** an Ohio limited liability company d/b/a Tailored Management, and **J. BRADLEY, LLC**, an Ohio limited liability company d/b/a Tailored Management,

Defendants.

Case No.: 2:26-cv-506

Judge Algenon L. Marbley

**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, Brandy Anderson ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, hereby brings this First Amended Collective and Class Action Complaint against SBL Enterprises, LLC d/b/a Tailored Management ("Defendant SBL") and J. Bradley, LLC d/b/a Tailored Management ("Defendant J. Bradley") (collectively the "Defendants") to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq.*, The Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111, *et seq.* ("OMFWSA"), Section 34a of Article II of the Ohio Constitution, and common law.

Plaintiff's allegations herein are based upon knowledge as to matters relating to herself and upon information and belief as to all other matters.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq.*

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendants' annual sales exceed $500,000 and they have more than two employees, therefore the FLSA applies in this case on an enterprise basis. Defendants' employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §1367 because they originate from the same facts that form the basis of her federal claims.

5. This Court has personal jurisdiction over Defendants because Defendants conduct business within the State of Ohio, employ individuals within the State of Ohio, are registered with the Ohio Secretary of State, and maintain their principal place of businesses in the State of Ohio.

6. At all relevant times Defendants jointly employed Plaintiff and all other Hourly Employees within the meaning of the FLSA, 29 U.S.C. § 203(d), maintained centralized control over terms and conditions of employment, and acted in a unified manner with respect to employment practices, policies, supervision, scheduling, and payroll.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants employ Hourly Employees in this District, conduct business in this District, and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this District.

## PARTIES

8. Plaintiff is an adult resident of Columbus, Ohio and was employed with Defendants from approximately November 2024 through August 2025. Plaintiff's consent to join this collective action was filed at Doc. 1-1, p. 2.

9. Additional putative Collective members were or are employed by Defendant as hourly employees ("Hourly Employees") during the past three (3) years and their consent to join forms will also be filed in this case.

10. Defendants are an employment and staffing agency with multiple locations located throughout the United States, including New York, California, North Carolina, and Arizona.

11. Defendants' principal place of business is located in Columbus, Ohio.

12. Defendants are engaged in an "enterprise" through "common operations" and/or "common control" under the FLSA, 29 U.S.C. § 203(r)(1), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*

13. Defendant SBL's registered agent for purposes of service is Bradley J. Beach, 833 Grandview Avenue, Columbus, Ohio 43215.

14. Defendant J. Bradley's registered agent for purposes of service is Bradley J. Beach, 833 Grandview Avenue, Columbus, Ohio 43215.

15. At all relevant times, Defendants were a common enterprise and "joint employers" of Plaintiff and similarly situated individuals as defined by the FLSA, 29 U.S.C. § 203(d) and 29 C.F.R. 791.2(a).

16. Defendant J. Bradley has and continues to operate as a division, subsidiary, or affiliate of Defendant SBL. On information and belief, Defendant J. Bradley does not operate independently but is fully integrated into Defendant SBL's business operations. Defendants jointly

set employment policies, schedules, and compensation practices for Plaintiff and other Hourly Employees.

17. Defendants are "employers" within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. Together, Defendants conduct business under the name Tailored Management and operate their business as a single, integrated enterprise.

## FACTUAL BACKGROUND

19. Plaintiff worked for Defendants from approximately November 2024 through August 2025, as a non-exempt, Hourly Employee with the job title of Program Coordinator.

20. At all relevant times, Defendants jointly controlled Plaintiff and their Hourly Employees' work schedules, duties, protocols, assignments, and employment conditions.

21. Defendants paid their Hourly Employees at varying hourly rates.

22. Plaintiff's most recent base hourly rate of pay was $16.00.

23. In addition to the base rate of pay, Defendants incorporated various types of routine and non-discretionary pay into its compensation structure. For example, Defendants paid employees Bonus pay.

24. Throughout Plaintiff's employment with Defendants, Defendants failed to properly calculate Plaintiff's bonus pay and other remuneration in the regular rate for proper overtime calculation.

25. Throughout Plaintiff's employment with Defendants, she and Defendants' Hourly Employees earned bonus pay and other remuneration.

26. As non-exempt employees, Defendants' Hourly Employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

27. Throughout Plaintiff's employment with Defendants, Defendants failed to properly calculate Plaintiff's bonus pay and other non-discretionary remuneration into the regular rate for proper overtime calculation.

**The Regular Rate of Pay**

28. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

29. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id.*

30. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendant carries the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo.*, 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to Defendant's Hourly Employees for work performed are included in the base calculation unless specifically excluded by statute.

31. Defendants' bonus pay and other remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

32. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425 (1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

33. Plaintiff's "total remuneration" included not only her base hourly pay, but also bonus pay and other non-discretionary remuneration. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses).

34. However, Defendants failed to incorporate bonus pay and other non-discretionary remuneration into their Hourly Employees' regular hourly rate calculation, resulting in *prima facie* violations of the FLSA.

35. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and all other Hourly Employees were entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

36. Plaintiff and all other Hourly Employees regularly worked in excess of forty (40) hours a week and were paid some overtime for those hours but at a rate that did not include Defendants' bonus pay and other non-discretionary remuneration as required by the FLSA.

37. For example, Plaintiff's paystub for the pay period January 13, 2025, through

January 19, 2025, shows 47.75 hours of work, a base hourly rate of $16.00 (an overtime rate of $24.00 (1.5 times the base rate)), and gross earnings of $876.00 inclusive of $50.00 in bonus pay. However, Defendants failed to include the bonus pay into the overtime rate calculation and, therefore, violated the FLSA.

38. Moreover, to the extent that any of Defendants' premium compensation paid to Plaintiff and all other Hourly Employees, could be qualified and applied as a credit under 29 U.S.C. §§ 207(7)(h), those credits may only be applied to the same workweek or work period in which the premiums were paid. *Herman v. Fabri-Centers of Am., Inc*., 308 F. 3d 580, 590-92 (6th Cir. 2002).

39. In a Department of Labor Opinion Letter dated December 23, 1985, the Deputy Administrator stated: "We wish to point out that the surplus overtime premium payments, which may be credited against overtime pay pursuant to section 7(h) of [the] FLSA, may not be carried forward or applied retroactively to satisfy an employer's overtime pay obligation in future or past pay periods." *Opinion Letter Fair Labor Standards Act* (FLSA), 1985 WL 304329, at *3 (1985).

40. As a result of its *prima facie* FLSA violations, Defendants are liable to Plaintiff and all other Hourly Employees for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

## JOINT EMPLOYMENT ALLEGATIONS

41. At all relevant times, Defendants were, at minimum, joint employers of Plaintiff and other Hourly Employees.

42. At all relevant times, Defendants managed the day-to-day supervision and direction of Plaintiff and the Hourly Employees.

43. At all relevant times, Defendants' corporate policies and procedures guided and

mandated Plaintiff and the Hourly Employees' jobs.

44. At all relevant times, Defendants maintained the Plaintiff and other Hourly Employees' employment records.

45. The unlawful conduct at issue in this case arises from Defendants' corporate policies for Hourly Employees.

**COMMON ENTERPRISE ALLEGATIONS**

46. As discussed herein, Defendants were engaged in a common enterprise relative to the operations and employment of Plaintiff and other Hourly Employees.

47. As discussed herein, Defendants loosely operated in the same or similar manner, under a common name, and through unified or common control.

**TIME ROUNDING**

48. Generally, employers may record employees' starting or stopping times to the nearest five minutes or to the nearest one-tenth or quarter of an hour. 29 C.F.R. § 785.48(b). The regulations provide these rounding practices may be used presuming the arrangement averages out so the employees are fully compensated for all the time they actually work. *Id.*

49. However, an employer's policy of rounding off is permissible only if the rounding occurs so employees are not disadvantaged over time. 29 C.F.R. § 785.48. Rounding off practices that result in significant discrepancies in recordkeeping or in a failure to compensate employees for time actually worked are improper. *Id.*

50. At all relevant times, Defendants used a computer software system to record its Hourly Employees' time clock punches on a daily basis.

51. Throughout her employment with Defendants, Plaintiff recorded her time using Defendants' timekeeping system, including by clocking in prior to the start of her scheduled shifts

and clocking out at the end of her work time.

52. Defendants maintained an unlawful rounding policy that rounded employee punch-in and punch-out times in a manner that inured to Defendants' benefit.

53. More specifically, Plaintiff and other similarly situated Hourly Employees were required to clock in five (5) to ten (10) minutes prior to the start of each shift. During this time, they were required to complete compensable work tasks, including, but not limited to, debriefing with the employee being relieved and receiving updates regarding workflow and related issues.

54. As a result of Defendants' unlawful time rounding policy, Defendants failed to pay Plaintiff and other similarly situated Hourly Employees for all time worked before the start of their scheduled shifts.

55. In each workweek where Plaintiff worked forty (40) hours or more, the rounding policy resulted in an unlawful deprivation of the overtime wages required by the FLSA.

56. In each workweek where Plaintiff worked less than forty (40) hours, the rounding policy also resulted in an unlawful deprivation of straight-time wages (i.e., gap time).

57. Upon information and belief, the unlawful pay practices evidenced in Plaintiff's earnings statements were committed against every Hourly Employee in every workweek.

58. Defendants' time-rounding practices almost invariably inured to their benefit.

59. Defendants' time-shaving practice was intended to and has systematically underpaid all of Defendants' Hourly Employees, including Plaintiff.

60. Defendants' time-shaving practice did not meet the FLSA requirements of a legal "rounding" practice as described in 29 C.F.R. § 785.48 because any time-shaving did not "average out so that the employees [we]re fully compensated for all the time they actually work[ed]," and instead "result[ed], over a period of time, in a failure to compensate the employees properly for all

the time they [] actually worked." *Id*.

61. Upon information and belief, the FLSA violations discussed herein were committed against every Hourly Employee in every workweek and resulted in a substantial amount of uncompensated work over the past three (3) years.

62. Defendants knew or should have known that its time-shaving policy and practice violated the FLSA.

63. As a result of these *prima facie* FLSA violations, Defendants are liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and costs, interest, and any other relief deemed appropriate by the Court.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

64. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all of Defendants' current and former Hourly Employees who work or have worked for Defendants in the United States at any time in the past three (3) years.

65. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive bonus pay and other non-discretionary remuneration, but such pay was not calculated as part of their regular rate as required by the FLSA.

66. Upon information and belief, Defendants utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner, regardless of job title or work location.

67. Resolution of this action requires inquiry into common facts.

68. These similarly situated individuals are known to the Defendants, are readily identifiable, and can be located through Defendants' payroll records, which Defendants are required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516, *et seq*.

69. Court-authorized notice pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means, including text message and email, and allowed to opt in for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

70. Upon information and belief, there are hundreds of similarly situated current and former employees of Defendants who were not paid their required wages and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

**RULE 23 OHIO STATE LAW CLASS ACTION ALLEGATIONS**

71. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of herself and on behalf of:

> *All current and former Hourly Employees who work or have worked for Defendants at any location in Ohio during the applicable statutory period.*

(hereinafter referred to as the "Rule 23 Ohio Class"). Plaintiff reserves the right to amend this definition if necessary.

72. The members of the Rule 23 Ohio Class are so numerous that joinder of all Rule 23 Ohio Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds of Rule 23 Ohio Class members. Rule 23 Ohio Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

73. There is a well-defined community of interests among Rule 23 Ohio Class members and common questions of law and fact predominate in this action over any questions affecting

individual members of the Rule 23 Ohio Class. These common legal and factual questions, include, but are not limited to, the following:

a. Whether Defendants engaged in a policy or practice of failing to pay each Rule 23 Ohio Class member regular wages or minimum wage for each non-overtime hour worked;

b. Whether Defendants engaged in a policy or practice of failing to pay each Rule 23 Ohio Class member overtime compensation for each overtime hour worked; and

c. Whether Defendants should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating the state laws and wage acts applicable to the members of the Rule 23 Ohio Class.

74. Plaintiff's claims are typical of those of the Rule 23 Ohio Class in that she and all other Rule 23 Ohio Class members suffered damages as a direct and proximate result of the Defendants' common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Ohio Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Ohio Class members.

75. Plaintiff will fully and adequately protect the interests of the Rule 23 Ohio Class and Plaintiff retained counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Ohio Class.

76. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Ohio Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

77. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel

know of no unusual difficulties in this case and Defendants have advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

78. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

79. Because Defendants have acted and refused to act on grounds that apply generally to the Rule 23 Ohio Class and declaratory relief is appropriate in this case with respect to the Rule 23 Ohio Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**RULE 23 NATIONWIDE CLASS ACTION ALLEGATIONS**

80. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of herself and on behalf of:

> *All current and former Hourly Employees who work or have worked for Defendants in the United States at any time during the applicable statutory period.*

(hereinafter referred to as the "Rule 23 Class"). Plaintiff reserves the right to amend this definition if necessary.

81. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Plaintiff reasonably estimates there are hundreds of Rule 23 Class members. Rule 23 Class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

82. There is a well-defined community of interests among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but

are not limited to, the following: whether Defendants' non-payment of wages for all compensable, non-overtime hours unjustly enriched Defendants.

83. Plaintiff's claims are typical of those of the Rule 23 Class in that they and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendants' common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Class members.

84. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and she retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

85. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

86. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendants have advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

87. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

88. Because Defendants acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME**

89. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully restated herein.

90. At all times relevant to this action, Defendants were subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq*.

91. At all times relevant to this action, Defendants were engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

92. At all times relevant to this action, Plaintiff and the FLSA Collective were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

93. At all times relevant to this action, Defendants jointly employed Plaintiff and their Hourly Employees within the meaning of the FLSA.

94. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff and the FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

95. Plaintiff and other FLSA Collective members, by virtue of their job duties and activities actually performed, were all non-exempt employees.

96. Plaintiff either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

97. The FLSA requires an employer to pay employees for all hours worked and the federally mandated overtime premium rate of 1.5 times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

98. The FLSA requires all employers to keep accurate payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). *See* 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

99. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's bonus pay and other non-discretionary remuneration do not fall into any of those exceptions.

100. Defendants failed to include bonus pay and other non-discretionary remuneration into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendants' Hourly Employees were working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

101. At all relevant times, Defendants maintained a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

102. As a result of Defendants' willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R.

§§ 778.104.

103. At all relevant times, Defendants maintained an unlawful time-rounding policy that did not comply with 29 C.F.R. § 785.48(b) because the policy did not "average out so that the employees [we]re fully compensated for all the time they actually work," and instead "result[ed], over a period of time, in a failure to compensate the employees properly for all the time they have actually worked." *Id.*

104. As a result of Defendants' unlawful policies and practices (including Defendants' rounding policy), Plaintiff and the FLSA Collective members were deprived of wages in violation of the FLSA.

105. Defendants' violations of the FLSA were knowing and willful. Defendants could have easily accounted for and properly compensated Plaintiff and the FLSA Collective members for all work activities but did not.

106. Plaintiff and all others similarly situated are entitled to recover all unpaid wages, together with an equal amount in liquidated damages, plus interest, reasonable attorney's fees, and costs pursuant to 29 U.S.C. § 216(b). These damages include, but are not limited to, compensation owed as a result of Defendants' unlawful rounding practices and failure to calculate overtime using the correct regular rate. The amounts owed are determinable from Defendants' payroll and employment records, which Defendants are required to maintain under 29 U.S.C. § 211(c).

## COUNT II
## RULE 23 OHIO CLASS ACTION
## VIOLATIONS OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT ("OMFWSA"), O.R.C. §§ 4111, *et seq.* AND OHIO CONSTITUTION ART. II, § 34a

107. Plaintiff re-alleges and incorporates all previous paragraphs herein.

108. At all times relevant to this action, Defendants were subject to the mandates of the OMFWSA, O.R.C. §§ 4111, *et seq.*, and Section 34a of Article II of the Ohio Constitution.

109. At all times relevant to this action, Plaintiff and the Rule 23 Ohio Class worked for and were "employees" of Defendants in Ohio and were therefore covered by Section 34a of Article II of the Ohio Constitution and the OMFWSA.

110. At all times relevant to the action, Defendants were an employer covered by Section 34a of Article II of the Ohio Constitution and the overtime and wage mandates of the OMFWSA, O.R.C. § 4111, *et seq*.

111. The OMFWSA provides that employees are entitled to a minimum wage, O.R.C. § 4111.02, as well as "overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, O.R.C. § 4111.03. *See also* Ohio Const. art. II § 34a.

112. At all times relevant to this action, Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the Rule 23 Ohio Class members to perform pre-shift work off-the-clock, every shift, and failed to pay these employees the minimum wage and overtime compensation to which they were entitled under Section 34a of Article II of the Ohio Constitution, Ohio Const. art. II § 34a, and the OMFWSA, O.R.C. §§ 4111.02 and 4111.03, for the work they performed.

113. By failing to pay Plaintiff and members of the Rule 23 Ohio Class the minimum wage and overtime compensation to which they were entitled for performing the off-the-clock work described herein, Defendants violated Section 34a of Article II of the Ohio Constitution, Ohio Const. art. II § 34a, and the OMFWSA, O.R.C. §§ 4111.02 and 4111.03.

114. Section 34a of Article of the Ohio Constitution and § 4111.14(A)(3) of the OMFWSA allow an employee who has not been paid minimum wage for all hours worked to bring a civil action to recover "[double] back wages, damages, and the employee's costs and reasonable

attorney's fees." O.R.C. § 4111.14(A)(3); *see also* Ohio Const. art. II § 34a.

115. Pursuant to O.R.C. § 4111.10(A), an employer who fails to pay its employees for all overtime wages outlined in O.R.C. § 4111.03 "is liable to the employee affected for the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees." O.R.C. § 4111.10(A)

116. Additionally, § 4111.08 of the OMFWSA requires employers to maintain and preserve payroll records, including "the amount paid each pay period to each employee, the hours worked each day and each work week by the employee." O.R.C. § 4111.08.

117. Defendants violated the OMFWSA, O.R.C. § 4111.08, by failing to properly maintain accurate records of all hours Plaintiff and the members of the Rule 23 Ohio Class worked each workday and within each workweek.

118. Defendants' uniform policy and practice, as described above, was willful, intentional, unreasonable, arbitrary, and in bad faith.

119. As a result, the Rule 23 Ohio Class has and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Ohio Class is entitled to recover double back wages, damages, attorneys' fees plus costs, interest, and other appropriate relief under Section 34a of Article of the Ohio Constitution and the OMFWSA at an amount to be proven at trial.

## COUNT III
## RULE 23 NATIONWIDE CLASS ACTION
## BREACH OF CONTRACT

120. Plaintiff re-alleges and incorporates all previous paragraphs herein.

121. At all times relevant to this action, Defendants had a binding and valid contract with Plaintiff and every other Rule 23 Nationwide Class member to pay each employee for each hour they worked at a pre-established (contractual) regular hourly rate in consideration of the work duties

Plaintiff and the Rule 23 Nationwide Class members performed on behalf of Defendants.

122. Evidence of these contracts include Defendants' letters offering employment, pay statements, and other documentary evidence in Defendants' possession. Additionally, Defendants made verbal offers for payment at a specified, above minimum wage for hourly work, which Plaintiff accepted and performed, but Defendants failed to perform by paying Plaintiff and the Rule 23 Nationwide Class the promised wages.

123. Defendants breached their contractual promises by failing to pay Hourly Employees at their fixed, pre-agreed upon hourly rate for all of the hours worked.

124. Plaintiff and every other Rule 23 Nationwide Class member accepted the terms of Defendants' contractual promises contained in Defendants' offer letters, and performed under the contracts by doing their jobs and carrying out the work they performed each shift, which included the unpaid off-the-clock work that was required of them in connection with pre-shift work described herein.

125. By not paying Plaintiff and every other Rule 23 Nationwide Class member the agreed upon hourly wage for the work they performed each shift in connection with the off-the-clock work described herein, Defendants systematically breached their contracts with Plaintiff and each member of the Rule 23 Nationwide Class.

126. Defendants can easily ascertain the amount of damages owed to Plaintiff and the Rule 23 Nationwide Class members based on the allegations made in this Complaint (specifically the amount of off-the-clock work claimed each shift) in conjunction with Defendants' payroll records, which will provide the number of shifts worked by each Rule 23 Nationwide Class member.

127. Plaintiff and the Rule 23 Nationwide Class members' remedies under the FLSA are

inadequate in this case to the extent Defendants paid them more than the federally mandated minimum wage of $7.25 per hour, but less than forty (40) hours per week (i.e., pure "gap time" claims for non-overtime hours/workweeks).

128. Defendants also breached their duty of good faith and fair dealing by failing to keep track of the time Plaintiff and other Rule 23 Nationwide Class members spent performing off-the-clock activities, which is a fundamental part of an "employer's job."

129. As a direct and proximate result of Defendants' contractual breaches, Plaintiff and the Rule 23 Nationwide Class members were damaged in an amount to be determined at trial.

**COUNT IV**
**RULE 23 NATIONWIDE CLASS ACTION**
**UNJUST ENRICHMENT/QUANTUM MERUIT**

130. Plaintiff re-alleges and incorporates the foregoing paragraphs as if fully restated herein.

131. At all times relevant to this action, Defendants promised Plaintiff and every other Rule 23 Class member a pre-established hourly rate in consideration of the work duties they performed on behalf of Defendants.

132. Upon information and belief, each Rule 23 Class member, including Plaintiff, was paid a base hourly rate.

133. Plaintiff and every other Rule 23 Class member relied upon Defendants' promise for the pre-established hourly rate and performed by doing their jobs and carrying out the work they performed.

134. By not paying Plaintiff and every other Rule 23 Class member the promised base hourly wage for all the non-overtime work they performed each shift, Defendants were unjustly enriched.

135. Plaintiff and the Rule 23 Class members performed these off-the-clock work tasks at the request of and without objection by Defendants.

136. Defendants received and accepted the above-referenced off-the-clock work services from Plaintiff and every other Rule 23 Class member and enjoyed the benefits derived therefrom.

137. Upon information and belief, Defendants used the monies owed to Plaintiff and every other Rule 23 Class member to finance their various business expenditures.

138. Defendants were unjustly enriched by the retention of monies procured by Plaintiff and the Rule 23 Class for Defendants, without having compensated Plaintiff for the same.

139. Plaintiff and the Rule 23 Class suffered detriment as a result of Defendants' failure to compensate them for the off-the-clock work described herein, in that Plaintiff and the Rule 23 Class were deprived of the ability to utilize that time, effort, and their resources in a profitable manner.

140. As a direct and proximate result of Defendants' actions, Plaintiff and every other Rule 23 Class member have suffered damages, including, but not limited to, loss of wages.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

a. An Order authorizing Court Supervised Notice pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendants to provide Plaintiff a list of all current and former hourly employees who work or have worked for Defendants at any time in the past three years. This list shall include the last known addresses, email addresses, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b. An Order certifying this action as a class action (for the Rule 23 Ohio Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's Ohio state law claims (Count II);

c. An Order certifying this action as a class action (for the Rule 23 Nationwide Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's breach of contract claim (Count III);

d. An Order certifying this action as a class action (for the Rule 23 Nationwide Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's unjust enrichment/quantum meruit claim (Count IV);

e. An Order designating the Plaintiff as representative of the Rule 23 Ohio Class, and the Rule 23 Nationwide Class, and undersigned counsel as Class counsel for the same;

f. An Order declaring Defendants' violations of the FLSA were willful;

g. An Order declaring Defendants violated Ohio state law for failing to pay Plaintiff and the Rule 23 Ohio Class the minimum wage and overtime compensation to which they were entitled;

h. An Order declaring Defendants breached their contracts with Plaintiff and the members of the Rule 23 Nationwide Class by failing to pay them for each hour they worked at a pre-established (contractual) regularly hourly rate;

i. An Order declaring Defendants were unjustly enriched by the off-the-clock work it required Plaintiff and the members of the Rule 23 Nationwide Class to perform;

j. An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff, the Rule 23 Ohio Class, and the Rule 23 Nationwide Class the full amount of damages and penalty damages available by law;

k. An Order awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute and an award of a service payment to the named Plaintiff;

l. An Order awarding pre- and post-judgment interest to Plaintiff on these damages; and

m. An Order awarding such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand a trial by jury on all issues in this complaint that are so triable as a matter of right.

Date: July 14, 2026

Respectfully submitted,

*/s/Robert E. DeRose*

Robert E. DeRose (Ohio Bar No. 0055214)
**BARKAN MEIZLISH DEROSE COX, LLP**
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Phone: (614) 221-4221
Fax: (614) 744-2300
Email: bderose@barkanmeizlish.com

Jason J. Thompson (P47184)*
Kathryn E. Milz (IL# 6297213)*
**SOMMERS SCHWARTZ, P.C.**
One Towne Square, 17th Floor
Southfield, Michigan 48076
Phone: (248) 355-0300
Fax: (248) 436-8453
Email: jthompson@sommerspc.com
Email: kmilz@sommerspc.com

**pro hac vice applications forthcoming*

*Attorneys for Plaintiff and the Proposed Collective/Class Members*